UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA SMITH, et al., | ) | CASE NO. 1:11-CV-01208 |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| CITY OF EUCLID, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court is a motion for summary judgment filed on February 28, 2012 by Defendants City of Euclid, Ohio ("Defendant City") and "various City of Euclid Police Officers" ("Defendant Unnamed Officers")(collectively "Defendants"). ECF Dkt. #26. As of the date of this Memorandum Opinion and Order, Plaintiffs Theresa Smith and Antoine Crews ("Plaintiffs") have not filed a response to the motion.

For the following reasons, the Court GRANTS Defendants' motion for summary judgment and DISMISSES all of Plaintiff's claims against Defendant City WITH PREJUDICE and all of Plaintiff's claims against Defendant Unnamed Officers WITHOUT PREJUDICE.

**I.     PROCEDURAL HISTORY:**

On June 13, 2011, Plaintiffs filed a complaint in this Court pursuant to 42 U.S.C. § 1983 naming Defendant City and Defendant Unnamed Officers as defendants. ECF Dkt. #2 at 2. The allegations set forth by Plaintiffs stem from a confrontation with Defendant Unnamed Officers. Plaintiffs assert that Defendant Unnamed Officers assaulted and tasered them for no "apparent" or "lawful" reason and provided them with no medical attention, which violated their Eighth Amendment rights. *Id.* at 3. Plaintiffs further allege that Defendant City, through its "police

1

powers" and "various regulations," allowed Defendant Unnamed Officers to violate Plaintiffs civil rights. *Id.* at 2.

As a result of the "unlawful" conduct by Defendant Unnamed Officers, Plaintiffs claim that they suffered "various injuries." ECF Dkt. #2 at 5. Consequently, Plaintiffs seek both compensatory and punitive damages. *Id.* at 6.

**II.** **STANDARD OF REVIEW:**

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56, Advisory Committee Notes ("The Standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c)(1) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact that cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purpose of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, but the Court may consider other materials presented in the

record but not called to the Court's attention by the parties. Fed. R. Civ. P. 56(c)(3), advisory notes to 2010 Amendments.

The party moving for summary judgment has the burden of showing no genuine issues of material facts exist. *Zenith Radio Corp.*, 475 U.S. at 587, 106 S.Ct. at 1356. If the moving party meets this burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R.Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex,* 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, a plaintiff that fails to file a motion opposing summary judgment, such as in this case, "may not rest upon the mere allegations in his complaint, but must set forth facts showing that there is a general issue for trial." *Wyland v. Quinones*, No. 08cv1792, 2009 WL 974968, at *2 (N.D.O.H. Apr. 9, 2009).

Even when a nonmoving party neglects to respond to a motion for summary judgment, the court is not entitled to grant summary judgment by default. *See* Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments). Rather, when a motion for summary judgment is unopposed, the district court at a minimum must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir. 1992); *see also* L.R. 7.1(d) (unless otherwise ordered by the Court, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion.)

3

**III.     ANALYSIS:**

    **A.     Municipal Liability**

A plaintiff may sue a municipality under 42 U.S.C. § 1983 for a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, municipal liability cannot attach unless a constitutional violation is shown. *Brennan v. Twp. Of Northville*, 78 F.3d 1152, 1158 (6th Cir. 1996). A municipality is only liable for the acts that it officially sanctioned or ordered. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Respondeat superior or vicarious liability will not attach under § 1983. *Canton v. Harris,* 489 U.S. 378, 385 (1989). Liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" or is "the moving force" behind an underlying constitutional violation. *Id.* at 379. The assumption that a municipal "policy" *might* lead to police misconduct is not enough to satisfy municipal liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985).

The law does not wholly bar Plaintiffs from suing Defendant City for alleged civil rights violations. However, Plaintiffs must link the alleged constitutional violation by Defendant Unnamed Officers to the officially sanctioned or ordered policies and procedures of Defendant City. *Canton*, 489 U.S. at 379. It is not enough for Plaintiffs to allege that Defendant City is liable for the actions of the Defendant Unnamed Officers exclusively because Defendant City employs the officers. *Id.* at 385. Plaintiffs assert by way of Defendant City's "police powers and various other enacted regulations," that Defendant City is liable for their injuries. In order to maintain their lawsuit, Plaintiffs must point to a specific city policy, procedure, or custom that could possibly lead to the violation of their civil rights. *City of Oklahoma*, 471 U.S. at 821. Plaintiffs have filed no response to the motion for summary judgment and thus have not met their

4

reciprocal burden of showing that a genuine issue of material fact exists as to municipal liability. Moreover, even if considering Plaintiffs' complaint was appropriate for the purpose of summary judgment, the complaint only alludes to Defendant City having a policy that would allow its officers to act in the manner that Plaintiffs allege. Plaintiffs' general reference to City policy is insufficient to satisfy the standard set forth by the Supreme Court in *City of Oklahoma City v. Tuttle*. Without pointing to a specific City policy, Plaintiffs are unable to prove that Defendant City was the "moving force" behind the alleged constitutional violation. Accordingly, the Court GRANTS Defendant City's motion for summary judgment and DISMISSES Plaintiff's complaint against Defendant City in its entirety WITH PREJUDICE.

The Court notes that out of an abundance of caution, Defendants discuss Plaintiffs inability to sue under a theory of insufficient/lack of training by Defendant City in their motion for summary judgment. ECF Dkt. #26 at 5. However, Plaintiffs' complaint did not raise this issue and no evidence supports such a theory. Accordingly, this issue does not warrant any further discussion.

  **B.**  **Defendant Unnamed Officers**

Defendants Unnamed Officers also move for summary judgment as to Plaintiffs' claims against them. The Federal Rules of Civil Procedure do not state a method for naming a "John Doe" in a pleading. *Fifty Assocs. v. Prudential Ins. Co. of America,* 446 F.2d 1187, 1191 (9th Cir.1970). A "John Doe" pleading is permitted where the "John Doe" is real and his identity can be exposed through discovery. *In re Air Crash at Lexington, KY., August 27, 2006*, No. 5:06-CV-316-KSF, 2008 WL 217123, at *2 (E.D.K.Y. Jan. 25, 2008).

However, a plaintiff may not sidestep Rule 4(m) by disregarding his obligation that a defendant, even an unnamed or "John Doe" Defendant, be "served within 120 days after the

complaint is filed." *Id* (internal citation omitted). Rule 4(m) of the Federal Rules of Civil Procedure states:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service…

Absent a showing of good cause, the Court has the discretion to grant an extension. Fed. R. Civ. P. 4(m), advisory notes to 1993 Amendments. Citing Rule 4(m), the Sixth Circuit Court of Appeals in *Petty v. Franklin County* 478 F.3d 341 (6th Cir. 2007) upheld the district court's decision, dismissing the plaintiff's claim against "John Doe" defendants after the plaintiff failed to identify, specifically name, and serve process on defendants within 120 days of the complaint being filed.

Similarly, Plaintiffs in the instant case had 120 days from the time the complaint was docketed on June 13, 2011 in order to identify and serve process on the "various City of Euclid Police Officers." However, Plaintiffs failed to identify the unknown officers involved. Once this 120-day window closed in which to serve process on these Defendant, Plaintiffs may continue their suit against the unknown Defendants only upon this Court's finding of good cause. Fed. R. Civ. P. 4(m). Even accepting Defendants' argument that the Court extended the 120-day window by 30 days to allow Plaintiffs to add parties or amend their claims, Plaintiffs never identified or specifically named the "unnamed officers."

Consequently, because Plaintiffs did not amend their complaint to reflect the real names of the "various City of Euclid Police Officers," failed to file a motion in opposition to summary judgment, and made no attempt to show good cause, this Court GRANTS Defendants' motion

for summary judgment and DISMISSES Plaintiffs' complaint against them in its entirety WITHOUT PREJUDICE.[1]

## IV. CONCLUSION:

For the reasons stated herein, the Court GRANTS Defendants' motion for summary judgment. ECF Dkt. #26. The Court dismisses Plaintiff's complaint in its entirety against Defendant City WITH PREJUDICE and dismisses Plaintiff's complaint in its entirety against Defendant Unnamed Officers WITHOUT PREJUDICE.

IT IS SO ORDERED.


DATE: June 28, 2012                                  /s/George J. Limbert
                                                     GEORGE J. LIMBERT
                                                     U.S. MAGISTRATE JUDGE

---

[1] *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346, fn.3 (6th Cir. 2007).

7